James D. Holman, Esq. ISB #2547
Jacob S. Wessel, Esq. ISB #7529
THOMSEN HOLMAN WHEILER, PLLC
2635 Channing Way
Idaho Falls, ID 83404
Telephone (208) 522-1230
Fax (208) 522-1277
holman@thwlaw.com
wessel@thwlaw.com

Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| CRUZ OJEDA,<br>    Plaintiff,<br><br>v.<br><br>CORNELISON TRUCKING, INC., TODD<br>CORNELISON, ROBERT CONGER, and<br>MORGAN ANDRUS, individuals,<br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. CV-2017-____<br><br>COMPLAINT AND DEMAND<br>FOR JURY TRIAL |

Plaintiff Cruz Ojeda, for cause of action against defendants, state and allege

as follows:

1.      Plaintiff is a resident of the State of Idaho, County of Madison.

2.      Defendant Cornelison Trucking, Inc. is an Idaho Corporation headquartered in

Rexburg, Madison County, Idaho.

3.      Defendants Todd Cornelison, Roger Conger, and Morgan Andrus are individuals

living in or around Madison County, Idaho and are members, owners, and/or employees of Cornelison Trucking, Inc.

4.      Cornelison Trucking, Inc. is an "employer" within the meaning of 29 U.S.C. §203(d), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203 (s)(1), Fair Labor Standarrds of 1938.

5.      At all times relevant hereto plaintiff was engaged in commerce or in the production of goods for commerce or was employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206 and 207, Fair Labor Standards Act of 1938

6.      Morgan Andrus, Todd Cornelison and Robert Conger hired Plaintiff to perform the work. Morgan Andrus, Todd Cornelison and Robert Conger at all times exercised control over the nature and structure of the employment relationship between Plaintiff and Cornelison Trucking, Inc.; Cornelison Trucking, Inc. at all times maintained economic control over the relationship between plaintiff and Cornelison Trucking, Inc.

7.      In or about August, 2014 Cornelison Trucking, Inc. employed Plaintiff as a laborer with the primary duties of loading and unloading trucks throughout the year and performing mechanical work on equipment; at no time during the course of his employment was plaintiff an "exempt employee" within the meaning of 29 U.S.C. § 213, Fair Labor Standards Act of 1938.

8.      This court has jurisdiction pursuant to 29 U.S.C. §216(b) of the Fair Labor Standards Act of 1938, and pursuant to 28 U.S.C. §1367(a).

9.      During the course of plaintiff's employment, defendants regularly and consistently

required plaintiff, as a condition of continued employment, to work in excess of forty hours per week.

10.    Notwithstanding the fact that defendants required Plaintiff to regularly and consistently work in excess of forty hours per week, defendants failed to pay to Plaintiff overtime compensation as required by 29 U.S.C. §207(a)(1), Fair Labor Standards Act of 1938.

11.    Defendants' failure to pay overtime compensation to plaintiff is a violation of 29 U.S.C. §207(a)(1), Fair Labor Standards Act of 1938. Pursuant to 29 U.S.C. §216(b), plaintiff is entitled to recover from defendants the amount of the unpaid overtime compensation and an additional equal amount as liquidated damages.

12.    Defendants' violation of 29 U.S.C. §207(a)(1) was a willful violation within the meaning of 29 U.S.C. § 255(a).

13.    Pursuant to 29 U.S.C. §216(b), plaintiff is entitled to recover from defendants plaintiff's reasonable attorney fees incurred in this action as well as the costs of the action.

PRAYER FOR RELIEF

WHEREFORE, plaintiff prays that judgment, order and decree of this court against defendants Cornelison Trucking, Inc., Morgan Andrus, Todd Cornelison and Robert Conger jointly and severally as follows:

1.    For plaintiff's unpaid overtime compensation in an amount to be proven at trail;

2.    For liquidated damages in an amount equal to the unpaid overtime compensation;

3.    For plaintiff' reasonable attorney fees incurred in this action as well as the costs of the action;

4.    For such other and further relief as the court deems just and equitable.

DATED this 31 day of May, 2017.

THOMSEN HOLMAN WHEILER, PLLC

By:      /s/
         James D. Holman, Esq.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demand trial by jury.

DATED this 31 day of May, 2017.

THOMSEN HOLMAN WHEILER, PLLC

By:      /s/
         James D. Holmn, Esq.